UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARK EDWARDS,

                         Plaintiff,

        -vs-                                      09-CV-582S

M. McGRAIN, C. SWANSON,
and R. HOLLY,

                         Defendants.

---

APPEARANCES:        MARK EDWARDS, Plaintiff *Pro Se.*

                              HON. ERIC T. SCHNEIDERMAN, ATTORNEY
                              GENERAL OF THE STATE OF NEW YORK,
                              (STEPHANIE JOY CALHOUN, ASSISTANT
                              ATTORNEY GENERAL, OF COUNSEL), Buffalo,
                              New York, Attorneys for Defendants.

## INTRODUCTION

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. # 9. Plaintiff, proceeding *pro se,* brought this action pursuant to 42 U.S.C. § 1983 seeking compensatory and punitive damages for the alleged violation of his rights under the First and Eighth Amendments. Specifically, plaintiff has alleged that he was subjected to the excessive use of force in retaliation for the filing of a grievance. Currently pending before the court is the defendants' motion for summary judgment. Dkt. # 33.

## BACKGROUND

Plaintiff commenced this action on June 24, 2009 with the filing of a *pro se* complaint pursuant to Title 42 U.S.C. § 1983. Dkt # 1. Plaintiff, at the time an inmate at Southport Correctional Facility ("SCF"), alleges that defendants Corrections Officer ("CO") Marc McGrain, Charles Swanson, and Roger Holly attacked him with excessive force in retaliation for his filing of a grievance against CO McGrain for alleged sexual harassment. *Id.,* p. 5. In an order filed November 24, 2009, plaintiff was denied a temporary restraining order against defendants and was granted permission to proceed *in forma pauperis*. Dkt # 4.

Defendants filed an answer to the complaint on April 27, 2010. Dkt # 8. On February 10, 2012, defendants filed this motion for summary judgment, including a Memorandum of Law, Statement of Undisputed Facts, and Declarations of the defendants. Dkt. # 33. Plaintiff filed a Memorandum in opposition to the motion on March 13, 2012. Dkt # 35. Defendants filed a Reply on March 20, 2012. Dkt # 36. For the reasons that follow, the defendants' motion for summary judgment is denied.

## FACTS[1]

In his deposition, plaintiff testified that on February 27, 2008, he was escorted to the shower by CO McGrain who told him to remove his clothing. Dkt. # 33, att. 3, pp.

---

[1] This factual statement is taken from the plaintiff's deposition testimony (Dkt. # 33, att. 3, Exhs. A, B), the declaration of defendant McGrain with exhibits, including the Use of Force Report, Inmate Misbehavior Report, and related grievances (Dkt. # 33, att. 4), declarations of defendants Swanson (Dkt. # 33, att. 5) and Holly (Dkt. # 33, att. 6), a declaration of RN Debra Allen (Dkt. # 33, att. 7), and the plaintiff's declaration (Dkt. # 35).

2

36-37. Plaintiff stated that CO McGrain attempted to touch his penis, but that he stepped away. *Id.,* p. 38. Plaintiff filed a grievance related to this incident. *Id.* In a letter to the Inmate Grievance Review Committee ("IGRC"), plaintiff stated that he was being sexually harassed by a CO and requested an investigation. Dkt. # 33, att. 4, p. 41. Plaintiff was interviewed on April 16, 2008, at which time he named CO McGrain as the perpetrator of the alleged harassment. *Id.,* p. 30. CO McGrain denied the allegations in a report to the investigating sergeant on April 16, 2008. *Id.,* p. 31.

Plaintiff further testified that on April 21, 2008, following a physical therapy appointment, he was escorted by two COs to the "day room" of his gallery and was told to stand in a corner with his face to the wall. Dkt. # 33, att. 3, pp. 17-18. He was later escorted down the gallery toward his cell. *Id.,* p. 22. The COs removed his waist chain, but he was still handcuffed. *Id.* Plaintiff testified that CO McGrain began to assault him from behind with his baton and fists and shouted at him to "stop filing grievances." *Id.,* pp. 22, 40. Plaintiff denied that he struck or attempted to strike any of the officers. *Id.,* p. 23. He further testified that COs Holly and Swanson participated in the assault. *Id.,* pp. 42-43. Plaintiff stated that he received injuries to his back, legs, and ankles, and that he still has pain in his back. *Id.,* pp. 25-26. After the incident, plaintiff was seen by the medical staff, but was given no treatment. *Id.,* pp. 44-45. He stated he was unable to walk and was removed from the area on a stretcher. Dkt. # 35, p. 8, ¶ 3. A few days later, he was transferred to the Albany Medical Center, where he was hospitalized for "a week or more." *Id.,* ¶ 4.

Defendants' version of events differs in significant part. In his declaration, defendant McGrain stated that on April 21, 2008, plaintiff was escorted back to the gallery after physical therapy. Dkt. # 33, att. 4, ¶ 5. He was placed in a corner to wait while inmates from another gallery were returning from recreation. *Id.,* ¶¶ 5-6. COs McGrain and Swanson then escorted plaintiff back to his cell and CO Swanson removed plaintiff's waist chain. *Id,* ¶¶ 7-8. Plaintiff, "in an aggressive manner" with closed fists, attempted to strike CO McGrain in the chest. *Id.,* ¶ 9. CO McGrain stated that he and CO Swanson had to use physical force against plaintiff to regain control. *Id.,* ¶ 16. CO McGrain stated that he "grabbed [plaintiff's] left wrist with my left hand and his waist with my right hand and forced plaintiff back into his cell." *Id.,* ¶ 10. Plaintiff fell face down on the floor, hitting his back and right shoulder on the bed. *Id.* CO McGrain held plaintiff's left side with his left hand and plaintiff's shoulder blades with his right hand. *Id.* at ¶ 12. Both CO McGrain and CO Swanson stated that several direct orders were given to plaintiff to stop resisting. *Id.,* ¶ 13. Once on the ground, plaintiff continued to kick and struggle. *Id.* ¶ 11. After CO Swanson gained control of plaintiff by using both hands on plaintiff's middle back, CO McGrain helped plaintiff to his feet and escorted him to the shower for holding without further incident. *Id.* ¶¶ 14-5. CO McGrain maintained that this use of force was in response to plaintiff's actions for the purpose of maintaining order, and was not in retaliation against plaintiff for the filing of a grievance. *Id.,* ¶¶ 20-21. CO McGrain stated that he did not act maliciously or sadistically or use excessive force. *Id.* ¶ 22. Finally, defendants stated that CO Holly was not involved in the use of force, but only assisted in applying a waist restraint and leg irons. Dkt. # 33, att. 6, ¶¶ 7, 10.

4

Following the use of force incident, plaintiff was examined by Debra Allen, RN. She noticed no swelling to his head or face. Dkt. # 33, att. 7, ¶ 5. Plaintiff complained of pain to his left shoulder and back, but Nurse Allen saw no redness or swelling on his shoulder or back and noted no tenderness upon palpation. *Id.* Plaintiff also complained of pain in his ankles and left knee, but Nurse Allen saw no apparent fractures. *Id.* No treatment was necessary. *Id.,* ¶ 6. A review of plaintiff's medical records indicate that he was not seen by medical staff until approximately three weeks following this examination. *Id.,* ¶ 8.

Plaintiff was served with a Misbehavior Report as a result of the incident of April 21, 2008. He was charged with an attempted assault on an officer, disobeying a direct order, and interference with an employee. Dkt. # 33, att. 4, Exh. B.

Defendant McGrain stated that he was not involved in any inmate inspections on February 27, 2008 and has never sexually harassed any inmate. Dkt. # 3, att. 4, ¶ 19. Plaintiff's grievance was found to be without merit. *Id.*

## DISCUSSION

**Summary Judgment Standard**

Rule 56 provides that, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the language of this Rule has been amended in recent years, the well-settled standards for considering a motion for summary judgment remain unchanged. *See, e.g., Faulkner v. Arista Records LLC*, 797 F. Supp. 2d 299, 311 n.7 (S.D.N.Y. 2011). Under those standards, the party

seeking summary judgment bears the initial burden of establishing that no genuine issue of material fact exists. *Rockland Exposition, Inc. v. Great American Assur. Co.*, 746 F. Supp. 2d 528, 532 (S.D.N.Y. 2010), *aff'd*, 445 Fed. Appx. 387 (2d Cir. 2011). A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law . . . ." *Id.*

Once the court determines that the moving party has met its burden, the burden shifts to the opposing party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). The nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars showing that a trial is needed . . . ." *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (internal quotation marks and citation omitted) (quoted in *Kaminski v. Anderson*, 792 F. Supp. 2d 657, 662 (W.D.N.Y. 2011)). In considering whether these respective burdens have been met, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks and citation omitted).

The court recognizes its duty to "extend extra consideration" to *pro se* plaintiffs and that "*pro se* parties are to be given special latitude on summary judgment motions." *Bennett v. Goord*, 2006 WL 2794421, at *3 (W.D.N.Y. August 1, 2006), *aff'd*, 2008 WL

6

5083122 (2d Cir. 2008) (quoting *Salahuddin v. Coughlin*, 999 F. Supp. 526, 535 (S.D.N.Y. 1998)); *see also McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (*pro se* party's pleadings should be read liberally and interpreted "to raise the strongest arguments that they suggest"). "Nevertheless, proceeding *pro se* does not otherwise relieve a litigant from the usual requirements of summary judgment, and a *pro se* party's 'bald assertion,' unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Cole v. Artuz*, 1999 WL 983876, at *3 (S.D.N.Y. October 28, 1999) (citing cases).

**Excessive Force**

The Eighth Amendment to the U.S. Constitution provides that "cruel and unusual punishments [shall not be] inflicted." U.S. Const. amend. VIII. That rule, applicable to the states through the Fourteenth Amendment, *see Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976), is violated by the unnecessary and wanton infliction of pain and suffering. *See Whitley v. Albers*, 475 U.S. 312, 320 (1986). In assessing an inmate's claims that prison officials subjected him to cruel and unusual punishment by using excessive force, courts must determine whether the prison officials acted "in a good-faith effort to maintain or restore prison discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

To prove an excessive force claim, an inmate must satisfy both an objective test and a subjective test. *Hudson,* 503 U.S. at 7-8. Objectively, a section 1983 plaintiff must establish that the force applied was "sufficiently serious" or harmful to establish a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v.*

7

*Seiter*, 501 U.S. 294, 298 (1991) (additional citations omitted); *see also Romano v. Howarth*, 998 F.2d 101, 104 (2d Cir. 1993). This objective component is "contextual and responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 9. A plaintiff "need not prove 'significant injury to make out an excessive force claim," *Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999), but "a *de minimis* use of force will rarely suffice to state a constitutional claim." *Romano*, 998 F.2d at 105. *De minimis* force, even If clearly unpleasant to endure, does not violate the Eighth Amendment where "the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (internal quotation marks and citation omitted). Although "some degree of injury is ordinarily required to state a claim," *United States v. Walsh*, 194 F.3d 37, 50 (2d Cir. 1999), the core judicial inquiry is not the extent of the injury sustained, but rather "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, -- U.S. --, 130 S.Ct. 1175, 1179 (2010) (quoting *Hudson*, 503 U.S. at 7).

The subjective test for an Eighth Amendment excessive force claim requires the inmate to show that the prison officials "had a 'wanton' state of mind when they were engaging in the alleged misconduct." *Davidson v. Flynn*, 32 F.3d 27, 30 (2d Cir. 1994) (citing *Hudson*, 503 U.S. at 7). When determining whether the subjective test has been satisfied, courts may consider, "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321). "The absence of

serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it." *Id.*

Here, plaintiff alleges he was maliciously attacked with excessive force by defendants CO McGrain, Swanson, and Holly in retaliation for filing a grievance against CO McGrain. Plaintiff maintains that CO McGrain attacked him from behind at his cell, and used his baton and fist to strike plaintiff. Plaintiff alleges that he has a resulting injury to his back from this event. In the Use of Force report, Nurse Allen stated that she saw no signs of swelling to plaintiff's head, face, or shoulder, or any apparent fractures to his lower body. No medication or treatment was administered at that time, although plaintiff maintains that he was unable to walk and was sent to the Albany Medical Center after the incident. Defendants argue that, even if plaintiff's allegations are true, plaintiff has failed to prove that the force used was more than *de minimis*. Defendants point to the declarations of COs McGrain, Swanson, and Holly, Dkt. # 33, in which they state that the only force used was that necessary to maintain order and restrain plaintiff.

Where "a prisoner's allegations and evidentiary proffers could reasonably, if credited, allow a rational factfinder to find that corrections officers used force maliciously and sadistically," summary judgment is improper "even where the plaintiff's evidence of injury [is] slight and the proof of excessive force [is] weak." *Wright v. Goord*, 554 F.3d 255, 269 (2d Cir. 2009). Here, plaintiff asserts that the use of force was unprovoked and was in retaliation for a grievance he filed alleging sexual harassment by CO McGrain. Plaintiff denies that he had a clenched fist, that he attempted to strike any of the officers, that he disobeyed a direct order, or that he

9

offered any resistance. Plaintiff's medical records indicate that he suffered no visible injuries as a result of the use of force, but he complained of pain and alleges he was transferred to the Albany Medical Center. Crediting plaintiff's version of events, as this court must in considering the defendants' motion for summary judgment, *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003), there is a question of fact whether the use of force was unrelated to any effort to maintain order or discipline. *See Clarke v. Anderson,* 2012 WL 3292879 (W.D.N.Y. August 10, 2012) (despite no visible injuries, summary judgment denied where plaintiff alleged that he was victim of unprovoked assault); *Abascal v. Fleckenstein*, 2012 WL 638977, *6 (W.D.N.Y. February 27, 2012) (despite minor injury, summary judgment denied where plaintiff alleged that CO committed brief but unprovoked assault unrelated to any effort to maintain or restore discipline); *see also Griffin v. Crippen*, 193 F.3d at 90–92 (although plaintiff could offer only his own testimony and evidence of a bruised shin and a swollen left knee in support of his excessive force claim, dismissal was inappropriate because there were genuine issues of material fact concerning whether correction officers, whom plaintiff admittedly assaulted, maliciously used force against him after he was subdued and handcuffed); *Jordan v. Fischer*, 773 F.Supp.2d 255, 272 (N.D.N.Y. 2011) (although plaintiff suffered only minor injury, summary judgment denied where excessive force claims turned on issues of credibility). Accordingly, the defendants' motion for summary judgment dismissing the excessive force claim is denied.

**Retaliation**

Plaintiff alleges that the defendants assaulted him on April 21, 2008 in retaliation for the grievance he filed accusing defendant McGrain of sexual harassment. "Retaliation against a prisoner for pursuing a grievance violates the right to petition government for the redress of grievances guaranteed by the First and Fourteenth Amendments." *Graham v. Henderson,* 89 F.3d 75, 80 (2d Cir.1996). However, "the Second Circuit has admonished district courts to approach prisoner retaliation claims 'with skepticism and particular care,' because 'virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act.'" *Bumpus v. Canfield,* 495 F.Supp.2d 316, 325 (W.D.N.Y. 2007) (quoting *Dawes v. Walker,* 239 F.3d 489, 491 (2d. Cir. 2001)). A plaintiff asserting a First Amendment retaliation claim "must allege '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.'" *Davis v. Goord*, 320 F.3d 346, 352 (2d. Cir. 2003) (quoting *Dawes*, 239 F.3d at 492). "Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation." *Dawes*, 239 F.3d at 493.

In this case, plaintiff has alleged and the defendants do not dispute that the filing of plaintiff's previous grievance is protected conduct. The alleged assault on April 21, 2008 is retaliatory conduct that would deter a similarly situated individual of ordinary

11

firmness from exercising his or her constitutional rights. *See Cole v. New York State Dep't of Corr. Serv.,* 2012 WL 4491825, * 13 (N.D.N.Y. August 31, 2012) (alleged assault constituted an "adverse action" for purposes of First Amendment retaliation claim), *Report and Recommendation Adopted,* 2012 WL 4506010 (N.D.N.Y. September 28, 2012); *Rivera v. Goord*, 119 F.Supp.2d 327, 339–40 (S.D.N.Y. 2000) (same). Additionally, plaintiff has established a causal connection between the protected conduct and the adverse action. In determining whether *such* a causal connection exists between an inmate's protected activity and a prison official's adverse action, a number of factors may be considered, including: "(I) the temporal proximity between the protected activity and the alleged retaliatory act; (ii) the inmate's prior good disciplinary record; (iii) vindication at a hearing on the matter; and (iv) statements by the defendant concerning his motivation." *Baskerville v. Blot*, 224 F.Supp.2d 723, 732 (S.D.N.Y. 2002). In this case, on April 16, 2008, plaintiff named CO McGrain as the alleged perpetrator of the harassment and CO McGrain was forced to respond to the allegations five days prior to the alleged assault. "[T]he close temporal relationship between the grievance and the assault makes a far stronger case for an inference that the assault was carried out with retaliatory intent." *Barrington v. New York*, 806 F.Supp.2d 730, 748 (S.D.N.Y. 2011) (citing *Rosales v. Fischer*, 2011 WL 253392, at *9 (S.D.N.Y. January 24, 2011) (denying summary judgment where the alleged "assault occurred just days after Plaintiff filed a grievance")). In addition, plaintiff stated that CO McGrain shouted at him to "stop filing grievances" during the alleged assault, raising the legitimate inference that the other defendants knew of McGrain's retaliatory intent at the time of the alleged assault.

Even where an inmate plaintiff meets his burden of showing that a defendant took adverse action against him in retaliation for protected conduct, a defendant is entitled to summary judgment if he can demonstrate that he would have taken the same action against the plaintiff absent any retaliatory motivation. *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002). Courts employ a " 'presumption that a prison official's acts to maintain order are done for a proper purpose.' " *Hynes v. Squillace*, 143 F.3d 653, 657 (2d Cir. 1998) (quoting *Rivera v. Senkowski*, 62 F.3d 80, 86 (2d Cir. 1995)). Thus, "'[t]he conclusion that the state action would have been taken in the absence of improper motives is readily drawn in the context of prison administration where we have been cautioned to recognize that prison officials have broad administrative and discretionary authority over the institutions they manage.' " *Id.* (quoting *Lowrance v. Achtyl,* 20 F.3d 529, 535 (2d Cir. 1994)). "At the summary judgment stage, if the undisputed facts demonstrate that the challenged action clearly would have been taken on a valid basis alone, defendants should prevail." *Davidson v. Chestnut*, 193 F .3d 144, 149 (2d Cir. 1999) (per curiam).

As stated above, in the context of plaintiff's Eighth Amendment excessive force claim, plaintiff has raised questions of fact precluding summary judgment regarding the incident of April 21, 2008 and whether it was a retaliatory use of excessive force or a measured response to plaintiff's aggression in the interest of prison order and discipline. Likewise, there is a triable issue of fact as to whether defendants would have subjected plaintiff to any use of force, excessive or otherwise, absent a retaliatory motive. Accordingly, the motion for summary judgment on plaintiff's First Amendment retaliation claim is denied.

**Personal Involvement**

Defendants argue that plaintiff has failed to demonstrate any personal involvement on the part of defendant Holly in the alleged constitutional violations. It is well settled that the personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under section 1983. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991) and *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show some tangible connection between the constitutional violation alleged and that particular defendant. *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

Here, the defendants have offered proof that defendant Holly was not involved in the alleged assault. CO Holly has stated that he arrived on the scene after plaintiff had been subdued and his role was simply to apply restraints. Dkt. # 33, att. 6, ¶¶ 7-10. His name does not appear on the Use of Force report. In his deposition, plaintiff stated that CO Holly "was in the cell and he was part of the attack," although he could not recall the "specifics" of the incident. Dkt. # 33, att 3, p. 44. While this proof is scant, plaintiff has presented evidence sufficient to raise a genuine issue of material fact regarding the personal involvement of defendant Holly. Accordingly, the motion for summary judgment dismissing the action as to defendant Holly on the grounds of lack of personal involvement is denied.

**Qualified Immunity**

In their motion, defendants argue that they are protected from suit under the doctrine of qualified immunity. The doctrine of qualified immunity "protects prison officials from personal liability [for damages] under § 1983 when their 'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Horne v. Coughlin*, 155 F.3d 26, 29 (2d Cir. 1998) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether a constitutional right is "clearly established" courts consider the following factors: "whether the right was defined with reasonable specificity; whether the decisional law of the Supreme Court and the applicable circuit courts supports its existence; and whether, under preexisting law, a defendant official would have reasonably understood that his acts were unlawful." *Horne*, 155 F.3d at 29 (quoting *Rodriguez v. Phillips*, 66 F.3d 470, 476 (2d Cir. 1995)).

The rights asserted by the plaintiff, to be free from cruel and unusual punishment in the form of excessive force and to exercise First Amendment rights without retaliation, are clearly established and the defendants would have reasonably understood that their acts, in allegedly assaulting the plaintiff in retaliation for the filing of a grievance, were unlawful. The Second Circuit has made clear that, "[w]here the circumstances are in dispute, and contrasting accounts present factual issues as to the degree of force actually employed and its reasonableness, a defendant is not entitled to judgment as a matter of law on a defense of qualified immunity." *Mickle v. Morin*, 297 F.3d 114, 122 (2d Cir. 2002) (internal quotation marks omitted). Accordingly, the defendants' motion for summary judgment on the grounds of qualified immunity is denied.

## CONCLUSION

The defendants' motion for summary judgment is denied.[2]

       **SO ORDERED.**


**DATED:**    **Buffalo, New York**
               **December 26 , 2012**

                                                         **s/ H. Kenneth Schroeder, Jr.**
                                                         **H. KENNETH SCHROEDER, JR.**
                                                         **United States Magistrate Judge**

---

[2] To the extent that plaintiff has sued the defendants in their official as well as individual capacities, the court notes that the Eleventh Amendment precludes suits for damages, pursuant to 42 U.S.C. § 1983, against states and state officials acting in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989). Thus, the plaintiff's claims may only be pursued against the defendants in their individual capacities.